Ellis W. Stuck and Alzada K. Stuck v. Commissioner.
Stuck v. Commissioner
Docket No. 3503-71.
United States Tax Court
T.C. Memo 1972-99; 1972 Tax Ct. Memo LEXIS 159; 31 T.C.M. (CCH) 395; T.C.M. (RIA) 72099; April 27, 1972, Filed *159 Ellis W. Stuck, pro se, Route 1, Kalkaska, Mich.Ralph F. Keister, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1968 in the amount of $234.74. The only issue for decision is the amount of deductible loss sustained by petitioners from a fire which completly destroyed their home and all its contents on December 24, 1968. Findings of Fact Petitioners are husband and wife who resided in Kalkaska, Michigan, at the date the petition in this case was filed. They filed their joint Federal income tax return for the calendar year 1968 with the district director of internal revenue at Detroit, Michigan. In the early morning of December 24, 1968, petitioners' home and all its contents were completely destroyed by fire. Some of the trees and shrubbery around their home were also destroyed by the fire. Petitioners' home was insured for $8,000 and their personal property for $3,000 with the State Farm Fire and Policy Company of Bloomington, Illinois. After the fire petitioners filed a claim with the insurance company showing the replacement value of their home *160 as $15,700 and an itemized inventory of personal property at a cost of $5,486.77 and replacement value of $8,399.34. On this inventory of personal property petitioners did not list all items of personal property which they lost in the fire because after the amount listed had reached over 396 $8,000 they realized that they had listed a sufficient amount to be allowed the maximum insurance they carried on personal property. The items not listed consisted of 60 items of fishing equipment which had cost petitioners over $150 and had a fair market value immediately before the fire of $150, a total of 38 handtools including handsaws, drills, and a propane torch which had cost petitioners over $250 and had a fair market value immediately before the fire of $250, and 229 other items including sickroom supplies, groceries, and household supplies, sewing room supplies and clothes which had cost petitioners over $174 and had a fair market value immediately before the fire of $174. All these items were completely destroyed in the fire. The insurance company paid the petitioners a total of $11,000 representing $8,000 on their home and $3,000 on the contents. The payment was based on the following *161 statement: *13 ELLIS STUCK AND ALZADA STUCK
LOSS: 12-24-68
KALKASKA, MICHIGAN
VALUE
LOSS
CLAIM
DWELLING
SOUND VALUE
$ 9,420.00
LOSS AND DAMAGE
Replace Dwelling
720' two story frame @ $16.00
$11,520.00
418' one story @ $10.00 4,180.00
15,700.00
Less 40% Depreciation - 6,280.00
9,420.00
$ 9,420.00
Claim limited to amount of insurance
$ 8,000.00
PERSONAL PROPERTY
SOUND VALUE
$ 4,527.36
LOSS AS DETERMINED Replace Personal Property Per Inventory
$ 8,399.34
Deduct items not usual and incidental to a dwelling occupancy - 449.65
7,949.69
Less Over Estimates 15% - 1,192.45
6,757.24
Less Depreciation 33% - 2,229.88
4,527.36
$ 4,527.36
Claim limited to Insurance
$ 3,000.00
TOTAL VALUE, LOSS AND CLAIM
$13,947.36
$13,947.36
$11,000.00
This fair market value immediately before the fire, or cost whichever was less, of their personal property listed by petitioners at a total replacement cost of $8,399.34 on the inventory filed with the insurance company was $4,000. Petitioners on their income tax return claimed a deductible casualty loss of $3,400 which was arrived at by an estimate *162 of an uninsured loss of $3,500 less the $100 exclusion. Petitioners arrived at the $3,500 by adding to the total loss of $13,947.36 shown on the statement of the insurance company the $449.65 of items not usual to a residence and from the resultant $14,397.01 subtracting the $11,000 of insurance received and rounding off the remaining $3,397.01 to $3,500. Respondent determined the deficiency by disallowing $1,300 of petitioners' claimed deduction for a casualty loss. In so doing respondent determined that petitioners had an unreimbursed loss on personal property of $800 which he reduced by the $100 exclusion and an unreimbursed loss on their house of $1,400. Respondent arrived at his allowance of an $800 unreimbursed loss on personal property by determining item by item either the basis or the fair market value immediately before the fire of each of 169 separate items of personal property listed by petitioners on the itemized inventory of personal property filed with the insurance company and rounding off the resultant total valuation to $800. At the trial respondent conceded that he erred in disallowing $20 of the $1,420 claimed unreimbursed loss on petitioners' house and that *163 the fair market value of trees and shrubbery on which no loss was claimed by petitioners 397 in their claim filed with the insurance company was at least the $226 paid to have a stump removed and the area around his house cleared of debris and dead shrubbery. Respondent also conceded that this $226 was properly deductible as a casualty loss. Ultimate Findings of Fact Petitioners' total loss from fire on their house was $9,420 of which $1,420 was not compensated for by insurance and their total loss on other property from the fire was $4,800 of which $1,800 was not compensated for by insurance. Opinion The issue here is purely factual. At the trial respondent conceded that petitioners were entitled to deduct the entire $1,420 uncompensated for loss they claimed on their house and a $226 loss on trees and shrubbery which was not compensated for by insurance. Respondent did not contend that the 60 items of fishing equipment, 38 items of handtools and 229 other items which petitioner testified were not included in the inventory of personal property lost in the fire filed with the insurance company were in fact included in that list or that these items were not destroyed in *164 the fire. Petitioner Ellis W. Stuck testified from memory as to the cost of these items and made an estimate of their value. On the basis of the record, and considering both petitioner's description of the items and his testimony as to the cost of the items, the age of the items, and the fair market value of the items, we have found as a fact that these items had a total fair market value before the fire of $574 and that the cost of the items was in excess of that amount. Petitioners were unable to prove error in respondent's determination as to the lower of fair market value immediately before the fire or cost of most of the items listed by petitioners on the inventory filed with the insurance company. They did, however, show that respondent had undervalued a few items and our best judgment of the total undervaluation by respondent is $200. We therefore hold that petitioners in 1968 sustained a casualty loss uncompensated for by insurance of $3,220 which is to be reduced by the $100 exclusion, leaving petitioners a deductible casualty loss in the year 1968 of $3,120. Decision will be entered under Rule 50.